

**Emma Gilmore**
Partner

July 24, 2023

<u>VIA ECF</u>
The Honorable Frederic Block
The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re: *Schaeffer v. Signature Bank, et al.*, No. 1:23-cv-01921-FB-JRC; *Singh v. Signature Bank*, No. 1:23-cv-02501-ENV-VMS

Dear Judge Block and Judge Vitaliano:

We represent Pirthi Pal Singh and movants Wayne County Employees' Retirement System and Public Employees' Retirement System of Mississippi in connection with the above-referenced actions, and we write in response to the letter requests for a pre-motion conference to file a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure filed by the Federal Deposit Insurance Corporation ("FDIC") as receiver for defendant Signature Bank. For the reasons set forth below, the FDIC's requests are premature and, given the plaintiffs' concurrent dismissals of Signature Bank as a party, the requests are moot. To the extent the FDIC seeks to dismiss the remaining claims against the individual defendants, the request has no merit. Accordingly, the FDIC's requests should be denied.

By way of background, Signature Bank failed on or around March 12, 2023.  On March 14, 2023, Matthew Schaeffer commenced a class action against Signature Bank and certain of its executive officers for violations of the federal securities laws, No. 1:23-cv-01921.  On March 31, 2023, Pirthi Pal Singh commenced a separate class action against Signature Bank and certain of its current and former executive officers for violations of the federal securities laws, No. 1:23-cv-02501.  As permitted by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and as is customary in suits of this nature, six movants or groups of movants filed motions in the earlier-filed *Schaeffer* action seeking consolidation of the two matters and their appointment as lead plaintiff in the consolidated action.  These motions were filed by the applicable statutory deadline, and are fully briefed.  *See Schaeffer* Action ECF No. 5, 7-8, 14, 17, 19.

On June 28, 2023, the FDIC filed a notice to substitute itself in place of Signature Bank. Now, through its letter requests, the FDIC seeks leave to dismiss the complaints on three separate grounds: (i) that plaintiffs failed to exhaust the FDIC's administrative claim process pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"); (ii) that

600 Third Avenue, New York, New York 10016   tel: 212.661.1100   www.pomerantzlaw.com

NEW YORK      CHICAGO      LOS ANGELES      PARIS

Page 2

the proper venue to hear the claims against Signature Bank is the Southern District of New York, the district where the bank was located; and (iii) that the claims asserted belong to the FDIC.

As an initial matter, the FDIC's request is premature. Under the PSLRA, the plaintiff filing the initial complaint is required to publish a notice within 20 days of the filing of a securities class action advising class members of, among other things, the pendency of the action, the claims asserted, and the right to seek appointment as a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). When more than one such action is filed, the court must determine whether consolidation is warranted and, thereafter, "appoint the most adequate plaintiff as lead plaintiff for the consolidated actions" as amongst those who timely filed such motions. 15 U.S.C. § 78u-4(a)(3)(B)(ii). This detailed statutory framework is designed to "insure that the most capable plaintiff controls the litigation and protects the interest of the absent class members" early in the case. *Xianglin Shi v. Sina Corp.*, 2005 WL 1561438, at *5 (S.D.N.Y. July 1, 2005). Indeed, the purpose of PSLRA's lead plaintiff process is to empower "one or several investors with a major stake in the litigation to exercise control over the litigation as a whole." *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 (2d Cir. 2013) (citation omitted). Notably, neither Schaeffer nor Singh sought appointment as lead plaintiff, and requiring either to litigate the FDIC's proposed motion on behalf of the putative class before selecting a lead plaintiff would upend the PSLRA's goal of ensuring that class members are represented by parties "that the court determines to be most capable of adequately representing [their] interests." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The FDIC's requests are also moot because Signature Bank is no longer a party to the actions. All claims brought against Signature Bank have been, or will be, voluntarily dismissed no later than July 25, 2023. Thus, as successor to Signature Bank, the FDIC lacks standing to move to dismiss. *See, e.g.*, *Barricelli v. City of N.Y.*, 2016 WL 4750178, at *7 (S.D.N.Y. Sept. 12, 2016) ("A Rule 12(b)(6) motion is a defensive motion . . . and thus cannot be asserted by [a defendant] as against a plaintiff who [withdrew] the claim against them") (citing cases); *see also Gordon v. Sonar Capital Mgmt. LLC*, 962 F. Supp. 2d 525, 533 n.4 (S.D.N.Y. 2013) (defendant "not . . . named as a defendant" in any remaining counts "lacks standing to attack the legal sufficiency of those other counts") (citation omitted).

Moreover, to the extent the FDIC seeks to dismiss claims brought against the individual defendants (as opposed to the bank), the request is meritless. Tellingly, in similar securities class actions, the FDIC has not moved to dismiss claims asserted against individual parties who were former employees of failed financial institutions in FDIC receivership. *See Snook v. SVB Fin. Grp.*, No. 3:23-cv-01173 (N.D. Cal.); *City of Hollywood Police Officers Ret. Sys. v. First Rep. Bank*, No. 4:23-cv-01993 (N.D. Cal.). It is unclear why it would take a drastically different position here. The FDIC's actions both before and after Signature Bank's failure should not be ignored. After failing to provide adequate oversight prior to the failure, the FDIC invoked the systemic risk exception of the Federal Deposit Insurance Act to bailout the uninsured, elite customers of the Bank, at the expense of everyday investors like the teachers, law enforcement officers, and others represented by this class.

In any event, any reliance by the FDIC on § 1821(d)(2)(A)(i) of the FIRREA to seek dismissal of claims against parties other than Signature Bank is entirely misplaced. That section provides that the FDIC succeeds to "all rights" of the failed bank, as well as any "stockholder," but *only* "with respect to the institution and the assets of the institution." *Id.* Indeed, the FDIC

has conceded in an action before the Seventh Circuit that this section does not bestow it with claims held by stockholders who "do not depend on an injury to the failed bank." *Levin v. Miller*, 763 F.3d 667, 672 (7th Cir. 2014). As Judge Easterbrook explained there, "[n]o federal court has read the statute" otherwise. *Id.* The case on which the FDIC relies, *Zucker v. Rodriguez*, 919 F.3d 649 (1st Cir. 2019), is not to the contrary. That case involved claims by a "sole shareholder" to "recover its interest in a wholly owned subsidiary bank" in FDIC receivership from its "assets." *Id.* at 656. That fact pattern bears no resemblance to the facts here. In fact, *Zucker* expressly noted that "this action is ***not*** one alleging fraud or one to enforce the securities laws" and stressed that "future claims by . . . other shareholders of banks in FDIC receivership will need to be evaluated on their own terms." *Id.* at 646, 660. Importantly, the FDIC does not state that it will bring a securities class action against the individual defendants to recover damages on behalf of the tens of thousands of investors in Signature Bank. Neither has the FDIC committed to compensate all putative class members with eligible claims.

The FDIC also misplaces reliance on the administrative review scheme set forth in FIRREA. As FDIC observes, 12 U.S.C. § 1821(d)(13)(D) prohibits judicial review of any "claims" that fail to timely exhaust the administrative review process established by FIRREA, including any claim relating to "any act or omission" of a failed bank. However, Circuit courts uniformly agree that "claim" as used in that section of FIRREA is a "term-of-art that refers only to claims that are resolvable through the FIRREA administrative process." *Seaway Bank v. Trust Co. v. J&A Series I, LLC*, 962 F.2d 926, 930 (7th Cir. 2020) (collecting cases); *see also Hudson United Bank v. Chase Manhattan Bank of Conn., N.A.*, 43 F.3d 843, 848-49 (3d Cir. 1994) ("Logic dictates that the claims barred by paragraph (13)(D) must coincide with those that may be filed under the administrative procedures"). Indeed, the Second Circuit has explained that 12 U.S.C. § 1821(d)(13) is "not an isolated edict" prohibiting litigation of "any claim involving [any] 'act or omission,'" but rather bars "only claims that could be brought under the administrative procedures of § 1821(d)." *Bank of N.Y. v. First Millenium, Inc.*, 607 F.3d 905, 921 (2d Cir. 2010); *see also FHFA v. JPMorgan Chase & Co.*, 902 F. Supp. 2d 476, 501 (S.D.N.Y. 2012) (§ 1821(d)(13) does not bar "any claim at all involving FDIC, or, by implication, the failed bank"). By its terms, FIRREA's administrative review power is limited to "claim[s] *against a depository institution for which [FDIC] is receiver*." 12 U.S.C. § 1821(d)(6)(A)(i) (emphasis added); *see also Jones v. IndyMac Federal Bank*, 2009 WL 2762815, at *2 (E.D.N.Y. Aug. 24, 2009) ("The exhaustion requirement applies to any claim or action respecting the assets of a failed institution") (citation omitted).[1] The remaining claims seek recovery from the executive officer defendants in their individual capacities without recourse to the assets of Signature Bank. This is not a claim that is subject to administrative review by the FDIC. *See Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1143 (D.C. Cir. 2011) (FIRREA claims process does not apply where "neither the failed depository institution nor the FDIC-as-receiver bears any legal responsibility for claimant's injuries").

For the foregoing reasons, we respectfully request that the Court deny FDIC's request for a pre-motion conference. We are available to address any questions the Court may have.

---

[1] The FDIC submits that "*all* claims must be presented to the FDIC," even "class claims." Letter at 2 n.2. But as explained in the case it cites, this refers to the principle that *each member of a putative class* with claims subject to FIRREA must exhaust administrative review before they can proceed in court, not that every claim asserted in a class action must undergo administrative review. *See Cassese v. Wa. Mutual, Inc.*, 711 F. Supp. 261, 270 (E.D.N.Y. 2010).

Respectfully submitted,

*/s/ Emma Gilmore*
Emma Gilmore

CC: All Counsel of Record